UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,                No. CR-08-6085-FVS

      v.

                                         ORDER

ALBERTO ORTIZ MORALES,

                Defendant.

**THIS MATTER** came before the Court on June 18, 2009. Assistant United States Attorney Jane Kirk appeared on behalf of the United States. Defendant was present and represented by Rick L. Hoffman. This order is intended to memorialize and supplement the Court's oral rulings.

    **BACKGROUND**

On March 23, 2006, Defendant was convicted of felony, sexual/lewd acts with a minor, in the Guayama Superior Court of Puerto Rico, and sentenced to three years and 1 day in prison. Defendant was also instructed that he was a sex offender, pursuant to Puerto Rico Code, and was required to register as such. On March 31, 2008, Defendant updated his registration as a sex offender in Puerto Rico and provided the address in the city of Patillas, Puerto Rico.

On June 28, 2008, Defendant was arrested in Pasco, Washington, for first degree theft. Reports of the arrest indicate that

ORDER - 1

Defendant had been in Franklin County from May 27, 2008, until at least June 4, 2008, and from June 17, 2008, until the date of his arrest.  On August 19, 2008, Defendant was released from Franklin County Jail.  He did not report to his Washington State DOC probation officer within 72 hours of his release as required, nor did he register as a sex offender.  On September 12, 2008, the Washington State DOC issued an escape warrant for Defendant.

On December 9, 2008, Defendant was charged in the Eastern District of Washington with failing to register as a sex offender in violation of 18 U.S.C. § 2250(a).  The indictment provides as follows:

> That on or about June 28, 2008, in the Eastern District of Washington, the Defendant, ALBERTO ORTIZ MORALES, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender under federal law by reason of a conviction on March 23, 2006, Minor Victim-Lewd Acts, in Guayama Superior Court of Puerto Rico, case number G IS2005G0009 AL 0016, did knowingly fail to register, in violation of Title 18, United States Code, Section 2250(a).

(Ct. Rec. 1).

Defendant was arrested in the District of Arizona in January 2009 on this case.  Defendant had not registered in any state following his March 31, 2008, registration in Puerto Rico.

Defendant was arraigned on March 4, 2009, and Magistrate Judge Hutton issued an order providing for open file discovery.  (Ct. Rec. 15).

**DISCUSSION**

**I.  Motion for Discovery**

Defendant seeks discovery of eight specific categories of evidence he believes the Government should provide.  (Ct. Rec. 28).

ORDER - 2

Defendant requests (1) disclosure of any existing exculpatory evidence in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny; (2) production of any and all relevant statements made by Defendant which are in the custody or control of the government, or the existence of which may become known to the government by the exercise of due diligence, as required by Fed. R. Crim. P. 16(a)(1)(A); (3) disclosure of any prior criminal record of Defendant; (4) disclosure and copies of and access to any photographs, books, papers, documents, tangible objects, buildings or places which either are material to the defense or are intended for use by the government in its case in chief; (5) disclosure of and access to any relevant results or reports of physical or mental examinations or scientific tests or experiments; (6) production of material for each and every expert witness the government intends to use in its case-in-chief at trial; (7) production of all arrest reports, investigator notes, memos from investigating officers, sworn statements and prosecution reports not already provided; and (8) production of all witness statements required under the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  (Ct. Rec. 29).

    The Government filed a response on May 27, 2009.  (Ct. Rec. 42). The Government indicates it is currently unaware of any *Brady* material, all known statements made by Defendant have been disclosed, Defendant's criminal history is contained in the pretrial services report, any evidence seized is in the possession of the United States Marshal, reports have been provided, expert witness information will be provided, all completed reports prepared in this matter have been

provided, and it shall provide any witness statements not previously provided as required by Fed. R. Crim. P. 26.2.  (Ct. Rec. 42).

Defendant's Motion for Discovery is granted to the extent provided by Fed. R. Crim. P. 16(a)(1), *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), and the Jencks Act, 18 U.S.C. § 3500.

## II.  Motion to Disclose 404(b) and 609 Evidence

The Defendant requests that the Government disclose any Rule 404(b) or Rule 609 evidence it intends to present at trial.  (Ct. Rec. 22).

The Government responded by providing notice of its intent to use Defendant's 2008 conviction for First Degree Identity Theft in Franklin County.  It has previously provided information regarding this offense in discovery.  (Ct. Rec. 41).

Federal Rule of Evidence 404(b) provides that evidence of a party's prior conduct is admissible for any purpose other than to imply that the party acted in conformity with his prior conduct on the present occasion.  Fed. R. Evid. 404(b).  Federal Rule of Evidence 609 provides that evidence of an accused's past crimes is admissible for impeachment purposes when "the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609.

Based on the Government's response, Defendant's Motion for 404(b)/609 discovery is denied as moot.

///

ORDER - 4

### III.   Motion to Compel Grand Jury Transcripts

Defendant requests pretrial production of the grand jury transcripts of testimony of the Government's witnesses. (Ct. Rec. 32). The Government objects to providing the grand jury transcripts prior to trial. (Ct. Rec. 40).

Trial courts have discretion to authorize disclosure of grand jury transcripts "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). The person indicted by the grand jury may obtain grand jury transcripts under Rule 6 only when he or she "has demonstrated that a 'particularized need exists which outweighs the policy of secrecy.'" *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323, 1327 (1959)).

Defendant's Motion to Compel Grand Jury Transcripts is granted, in part. The Government is compelled to disclose a copy of the grand jury testimony of any witness whom the Government expects to call in its case in chief **seven days prior to trial**.

### IV.  Motion to Dismiss

Defendant has filed a Motion to Dismiss. (Ct. Rec. 34). Defendant challenges application of the Sex Offender Registration and Notification Act ("SORNA"). SORNA was passed in July 2006. It creates national standards for sex offender registration and a national sex offender registry. In addition, it criminalizes failure to register. States are encouraged to implement SORNA through funding incentives. Several states, including Washington, have yet

to implement SORNA, but have until July 27, 2009, to implement the SORNA requirements.

Defendant asserts that he cannot be prosecuted under SORNA because Washington has not implemented SORNA.  He also contends that without a nexus between interstate travel and his failure to register, the indictment must be dismissed.  (Ct. Rec. 35).  These issues have yet to be considered in any court in the Ninth Circuit, but have been addressed by courts around the country, including this district.  *See United States v. George* (07-cr-2119-WFN; Ct. Rec. 51), *United States v. Young* (08-cr-0016-WFN; Ct. Rec. 69), *United States v. Wahchumwah* (08-cr-2016-WFN; Ct. Rec. 59) and *United States v. Ealy* (08-cr-6086-RHW; Ct. Rec. 51).

**A.    Application of SORNA**

Defendant first argues that SORNA does not apply in Washington because SORNA has yet to be implemented.  (Ct. Rec. 35 at 4-16).  He argues that based on the language of the statute and implementing regulations, SORNA cannot be applied where a state has not implemented SORNA.  Defendant contends that if a state has not implemented SORNA, like Washington, it is not possible to require a defendant to comply with SORNA

The arm of SORNA which imposes criminal sanctions requires sex offenders to "register under the Sex Offender Registration and Notification Act."  18 U.S.C. § 2250.  To register under SORNA, the "sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."  42 U.S.C. §

16913(a).  Presumably, registration in the jurisdiction means according to the laws of the jurisdiction.  However, SORNA procedural elements and information to be provided differs from Washington's sex offender registration law.  Wash. Rev. Code § 9A.44.130.

Nevertheless, there is case law which has held that the failure of the state to implement or update its registration in accordance with SORNA does not relieve the sex offender of his duty to register all information that is required by then existing state law.  *See, e.g., United States v. Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008) (determining that the fact that Oklahoma had not statutorily implemented SORNA did not provide an excuse for the defendant not to register because the defendant had knowledge of his duty to register under similar state and federal provisions); *United States v. Shenandoah*, 572 F.Supp.2d 566, 578 (M.D. Pa. 2008) (stating that "[a] state's failure to update its registration system to conform with SORNA does not alter a sex offender's independent duty to register all information that is required by then-existing state law"); *United States v. Crum*, 2008 WL 4542408, at *2 (W.D. Wash. 2008) (holding that "Washington's failure to implement SORNA has no bearing on defendant's free-standing duty under federal law to 'register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.'"); *United States v. Contreras*, 2008 WL 5272491, at *6 (W.D. Tex. 2008) (stating that the court "rejects Defendant's argument that Texas's failure to implement SORNA gives rise to a due process violation); *United States v. Benton*, 2008 WL

ORDER - 7

5273971, at *6 (S.D. Ohio 2008) (recognizing that "courts addressing this issue have overwhelmingly held that SORNA is effective and applicable prior to state implementation of SORNA requirements"); and *United States v. Senogles*, 570 F.Supp.2d 1134, 1157-58 (D. Minn. 2008) (rejecting the defendant's argument that because Minnesota has not implemented SORNA, prosecuting him for violating its registration requirements is a violation of the due process clause).  These cases recognize that SORNA creates a federal duty to register that is independent of the state duty to register, and that the federal duty can be met by registering with the state.

Consequently, the Court finds that Defendant's federal duty to register is not dependent on whether he has a duty under state law to register.  Rather, his federal duty to register is triggered because he meets SORNA's statutory definition of "sex offender."  *See Crum*, 2008 WL 4542408, at *2 ("While Washington may choose never to implement the law, and thereby forego a portion of its federal funding, *see* 42 U.S.C. § 16925, an individual sex offender has no option to flout his federal obligation.").  Defendant's federal duty to register existed independent of Washington's implementation of SORNA.  Because he failed to register *at all*, his implementation argument lacks merit.

**B.   Constitutionality**

Defendant also challenges the constitutionality of SORNA. Defendant claims SORNA's link to interstate commerce is insufficient to meet the standard set in *United States v. Lopez*, 514 U.S. 549, 563-64 (1995).  Defendant argues that the statute must require a

ORDER - 8

nexus between interstate travel and failure to register in order to pass constitutional muster.

Congress may regulate interstate commerce under three scenarios: (1) "the use of the channels of interstate commerce," (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities," and (3) "those activities having a substantial relation to interstate commerce." *Lopez*, 514 U.S. at 558-559.

Congress, by establishing SORNA, created the means for creating a national sex offender registry to protect the public from sex offenders moving from jurisdiction to jurisdiction.  Such a concern implicates "activities that substantially affect interstate commerce." *Lopez*, 514 U.S. at 548.  As asserted by the Government, without comprehensive, standardized classifications of sex offenders and registration requirements, some states could become "safe havens" for sex offenders, who could move, in interstate commerce, to those states.  Furthermore, the Act provides an explicit jurisdictional hook.  SORNA expressly requires as an element of the offense that the offender "travels in interstate or foreign commerce."  42 U.S.C. § 2250(a)(2)(B).  SORNA is thus a valid exercise of Congress' Commerce Clause authority.

In any event, in this case, the indictment charges Defendant, "a sex offender under federal law by reason of a conviction on March 23, 2006 . . . in Guayama Superior Court of Puerto Rico," with knowingly failing to register in violation of SORNA.  (Ct. Rec. 1).

ORDER - 9

SORNA provides, in pertinent part:

(a) Whoever –

    (1) is required to register under the Sex Offender Registration and Notification Act;

    (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under . . . the law of any territory or possession of the United States; **or**

        (B) travels in interstate or foreign commerce . . .; and

    (3) knowingly fails to register . . . as required by the Sex Offender Registration and Notification Act;

shall be fined under this title and imprisoned not more than 10 years, or both.

18 U.S.C. § 2250 (emphasis added).

Accordingly, the language of 18 U.S.C. § 2250 specifically limits SORNA prosecutions to those individuals who have traveled in interstate commerce, thus indicating an unmistakable awareness of the limitations of Congressional power under the Commerce Clause, and to those who have been convicted of a sex offense under the laws of a unique jurisdiction recognized by the United States, 18 U.S.C. § 2250(a)(2)(A).  The latter category has no Commerce Clause implications.  *See U.S. v. David*, 2008 WL 2045830, 8 (W.D.N.C. 2008).

Because Defendant was convicted as a sex offender under the laws of Puerto Rico, a "territory" of the United States, and indicted as such, the Commerce Clause is inapplicable in this case.

///

ORDER – 10

Based on the foregoing, Defendant's constitutionality argument is additionally without merit.

**CONCLUSION**

The Court being fully advised, **IT IS HEREBY ORDERED as follows:**

1.   Defendant's Motion for Discovery (**Ct. Rec. 28**) is **GRANTED** to the extent provided by Fed. R. Crim. P. 16(a)(1), *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), and the Jencks Act, 18 U.S.C. § 3500;

2.   Defendant's Motion for 404(b)/609 discovery (**Ct. Rec. 30**) is **DENIED** as moot;

3.   Defendant's Motion to Compel Grand Jury Transcripts (**Ct. Rec. 32**) is **GRANTED, in part**.  The Government is compelled to disclose a copy of the grand jury testimony of any witness whom the Government expects to call in its case in chief **seven days prior to trial**; and

4.   Defendant's Motion to Dismiss (**Ct. Rec. 34**) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   18th   day of June, 2009.

S/Fred Van Sickle
_____
Fred Van Sickle
Senior United States District Judge

ORDER - 11