UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>ALBERTO ORTIZ MORALES,<br><br>            Defendant. | No. CR-08-6085-FVS<br><br>ORDER DISMISSING INDICTMENT |

**THIS MATTER** comes before the Court following the Ninth Circuit Court of Appeals' remand. (ECF No. 79). Defendant is represented by Rebecca L. Pennell of the Federal Defender's Office. The Government is represented by Alexander Carl Ekstrom of the United States Attorney's Office.

On March 23, 2006, Defendant was convicted of felony, sexual/lewd acts with a minor, in the Guayama Superior Court of Puerto Rico. On March 31, 2008, Defendant updated his registration as a sex offender in Puerto Rico and provided an address in the city of Patillas, Puerto Rico. On June 28, 2008, Defendant was arrested in Pasco, Washington, for first degree theft. Defendant had not registered as a sex offender in any state following his March 31, 2008 registration in Puerto Rico. On December 9, 2008, Defendant was charged in the Eastern District of Washington with failing to register as a sex offender in violation of the federal Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). Defendant thereafter filed a motion to dismiss the indictment, challenging SORNA.

ORDER DISMISSING INDICTMENT - 1

SORNA was passed in July 2006.  It creates national standards for sex offender registration and a national sex offender registry.  SORNA criminalizes the failure to register as a sex offender.  As of June 18, 2009, the date of the Court's order on Defendant's motion to dismiss, Washington state had not implemented SORNA.  Defendant argued that he could not be prosecuted under SORNA because Washington had not implemented the act.  The Court disagreed, and Defendant's motion to dismiss the indictment was denied.  (ECF No. 49).

On January 23, 2012, the United States Supreme Court determined that SORNA's registration requirements did not apply to sex offenders convicted before SORNA became law until the Attorney General specified that SORNA's provisions applied. *Reynolds v. United States*, 132 S.Ct. 975, 980 (2012).  Like the defendant in *Reynolds*, Defendant is a pre-Act offender who moved but failed to subsequently register as a sex offender.  Based on the Supreme Court's decision in *Reynolds*, SORNA is not applicable to Defendant.  On April 24, 2012, the Ninth Circuit reversed the Court in this matter based upon *Reynolds* and remanded the matter with the directive to dismiss the indictment against Defendant. (ECF No. 79).

Accordingly, **IT IS HEREBY ORDERED** that the indictment against Defendant is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and furnish copies to counsel.

**DATED** this ___26th___ day of April, 2012.

                              S/Fred Van Sickle
                              Fred Van Sickle
              Senior United States District Judge

ORDER DISMISSING INDICTMENT - 2